UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION - IN ADMIRALTY
CASE NO:

JESSICA REDMAN,

        Plaintiff,

v.

CARNIVAL CRUISE LINES, and CARNIVAL
CORPORATION d/b/a CARNIVAL CRUISE LINES, INC.,
a Panama Corporation,

        Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, JESSICA REDMAN, by and through her undersigned attorney, and hereby files her Complaint against Defendants, CARNIVAL CRUISE LINE, and CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, INC., a Panama Corporation, individually, and states:

1. This is an action for damages that exceed $75,000.00, exclusive of attorney's fees and costs.

2. Plaintiff, at all material times, was a resident of Port Charlotte, Florida.

3. At all times material hereto, Defendants were foreign corporations licensed to conduct business in the State of Florida, and did conduct business in Florida as CARNIVAL CRUISE LINE, and CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, INC., a Panama Corporation, (hereinafter collectively referred to as "CARNIVAL") providing cruise ship voyages to paying passengers, and owned and/or operated a cruise ship known as the M/V ECSTASY.

4. Jurisdiction is proper in this Court under 28 U.S.C. 1333, which provides original jurisdiction to United States District Courts exclusive of state courts of "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they may be entitled", and pursuant to Article III, Section 2 of the U.S. Constitution.

5. Venue is proper in the Southern District of Florida in that Defendant's principal place of business is in Miami, Florida, and this action is governed by a forum selection clause which provides that all suits will be brought in federal court in Miami, Florida.

6. Defendant has agreed, in writing, that jurisdiction and venue are proper in the Southern District of Florida under the terms of the cruise ticket tendered by the Defendant to Plaintiff. A copy of said cruise ticket is in the possession of the Defendants.

7. On or about May 18, 2015, the Plaintiff, JESSICA REDMAN, was injured aboard the Defendant's vessel during a cruise which originated in Port of Tampa and returned to Port of Tampa, Florida.

8. At that time and place, Defendant had a duty to its paying passengers, including the Plaintiff, JESSICA REDMAN, to maintain its premises in a reasonably safe manner under the circumstances, including keeping its floors maintained and free of any conditions that would present a hazard and risk of injury not reasonably known to its passengers, but which Defendants did know or should have known existed in the exercise of reasonable care; Defendants' second duty to its passengers and the Plaintiff was to warn of dangerous conditions which CARNIVAL created, knew of, or should have known in the exercise of reasonable caution.

9. On or about May 18, 2015, Defendants breached both its duties to the Plaintiff, JESSICA REDMAN, by failing to use reasonable care under the circumstances in negligently failing to inspect, maintain, and clean the floor on the CARNIVAL ECSTASY. The Defendants

furthermore gave no warning directly or indirectly to the Plaintiff of the slippery condition of its floor before the Plaintiff fell.

10. Specifically, the Plaintiff was a guest in the Defendant's night club on the Defendant's vessel **Carnival *Ecstasy*** on May 18, 2015.

11. This fall down occurred wherein the dance floor is directly adjacent to the bar. (SEE ATTACHED PHOTO – EXHIBIT "A") The bar attendants, Defendants' employees, allow patrons to take drinks onto the dancefloor.

12. The dancefloor reflects a high-polished smooth surface.

13. When Ms. Redman hit the liquid she immediately fell and landed awkwardly, twisting her right knee.

14. As a result of the injury Ms. Redman spent most of her cruise vacation confined to a wheelchair. (SEE ATTACHED RECEIPT – EXHIBIT 'B')

15. Upon returning home Ms. Redman received medical treatment and was diagnosed with right ACL tear of her knee.

16. Ms. Redman underwent surgery to repair her Right ACL injury on June 17, 2015. (SEE ATTACHED SURGICAL REPORT – EXHIBIT "C")

17. The unexpected transitory substance on the floor was not visible to Ms. Redman. The Defendants allow patrons to take drinks out onto the dance floor.

18. The foreseeable result occurs—and did occur—when the Defendants allow their customers to take drinks onto the dance floor: customers spill drinks, the floor is smooth and highly polished, unsuspecting patrons such as the Plaintiff hit the substance and fall violently onto the hard floor.

19. As a proximate result of Defendants' negligent failure to prohibit customers from taking drinks onto the Defendants' dance floor, and the Defendants' failure to warn the Plaintiff

of that slippery condition, on or about May 18, 2015, Plaintiff, JESSICA REDMAN, sustained severe injury to her body, which required surgery.

20. The aforementioned hazardous condition was known to the Defendant, and the condition was created by the Defendant.

21. The condition existed for a sufficient length of time so that Defendants should have known of it, or that such slips and falls occur with such frequency on that floor and other similar bar/nightclub floors of CARNIVAL vessels so as to provide prior notice to CARNIVAL.

22. As a direct and proximate result of Defendants' negligence and Plaintiff's fall, Plaintiff, JESSICA REDMAN, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, JESSICA REDMAN, demands judgment for the stated damages, interest and costs against Defendants, CARNIVAL CRUISE LINE, and CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, INC., a Panama Corporation, and any such other relief to which the Plaintiff may be justly entitled.

Respectfully submitted this __16th__ day of May, 2016.

FRANK BUTLER, ESQUIRE

Frank D. Butler, Esquire
FBN: 940585
Frank D. Butler, P.A.
10550 U.S. Hwy. 19 North
Pinellas Park, FL 33782
Tel: (727)399-2222
Fax: (727)399-2202

fdblawfirm@aol.com
Counsel for Plaintiff